Dear Mr. Lancaster:
You have requested an opinion of the Attorney General, in your capacity as legal counsel for the Town of Oak Grove (Town), relative to the Louisiana Public Bid Law (Bid Law). You state that, pursuant to Act 18 of the 1997 Regular Session of the Louisiana Legislature (The General Appropriation Bill), the Town received a $75,000 grant to be used for the purpose of refurbishing the Fisk Theater (Theater). The Theater is owned by the Oak Grove Chamber of Commerce. Once rehabilitated, the Theater will be available to the Town on an as-needed basis. In addition, it will constitute a place for entertainment and passive recreation for all citizens of the Town, as well as community and civic organizations. You specifically ask whether the Town must follow the Bid Law in the expenditure of these funds.
In answer to your question, I refer you to R.S. 38:2211,et seq. Section 2212 provides, in pertinent part, as follows:
 "A.(1)(a)(I) All public work exceeding the contract limit as defined herein, including labor and materials, . . . to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this part."
Section 2211(A)(11) provides:
 "A. As used in this Chapter unless the context clearly indicates otherwise, the following term shall mean:
 (11) `public work' means the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity." [Emphasis added.]
It would appear that the refurbishing of the Theater constitutes a "public work" as that term is defined in Section 2211 due to the fact that the Town will use the Theater. Having concluded that the project constitutes a "public work", we now turn to the issue of "contract limit".
As previously noted, the Bid law applies to public works exceeding the contract limit as defined in the Bid Law. Section 2212(A)(1)(d) provides the following:
 "(d) The term `contract limit' as used herein shall be equal to the sum of one hundred thousand dollars per project, including labor, materials, and equipment as per the rates in the latest edition of the Associated Equipment Dealers Rental Rate Book and Administrative overhead not to exceed fifteen percent; . . . ."
Based on the above definition, it is the opinion of this office that the Bid Law does not apply to the Theater project due to the fact that the project cost (i.e., $75,000) is below the "contract limit" as that term is defined in Section 2212.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:__________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla